UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Shawnathan Delrea Fort,     Case No. 3:23-cv-739

    Plaintiff,

v.     MEMORANDUM OPINION
AND ORDER

Annette Chambers-Smith, *et al.*,

    Defendants.

## I.    INTRODUCTION

*Pro se* Plaintiff Shawnathan Delrea Fort, an Ohio prisoner currently incarcerated at Toledo Correctional Institution, filed this civil rights action under 42 U.S.C. § 1983 against Annette Chambers-Smith and Darlene Weirich. Plaintiff has also filed an application to proceed *in forma pauperis*, (Doc. No. 2), which I grant by separate order. For the reasons stated below, I dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II.    BACKGROUND

Plaintiff's complaint contains few facts. According to the complaint, Plaintiff wrote three letters to Defendant Chambers-Smith regarding Plaintiff's "need for protective custody, mental health medication, and kosher meals," and "once these necessities were denied," Plaintiff was "forced to go to maximum security level four placement." (Doc. No. 1 at 5). Plaintiff alleges this action constituted deliberate indifference to his "mental health, religious, and safety" and resulted in reconviction, a suicide attempt, and limited privileges. (*Id.*). Plaintiff claims he had been prescribed

certain medication "upon reconviction," but once he returned to the Ohio Department of Rehabilitation and Correction ("ODRC"), he "was removed from [the medications]." (*Id.*).

Plaintiff also claims that "[t]he family on [Plaintiff's] case" arranged to have him assaulted in prison. (*Id.*). Finally, Plaintiff states he has not been able to complete his prison writing program because the prison security level to which he was moved does not allow typewriters. Plaintiff asks the Court for protective custody, a transfer to the Ohio State Penitentiary, a reduction in his security level, kosher meals, "emergency crisis treatment of" various medications, and compensatory relief. (*Id.* at 6).

### III. STANDARD

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). I am expressly required, however, under 28 U.S.C. § 1915(e)(2) to screen all *in forma pauperis* actions and to dismiss before service any such action that fails to state a claim upon which relief may be granted or that lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

To survive scrutiny under 28 U.S.C. § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding the Rule 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Twombly*, 550 U.S. 544, governs dismissals under § 1915(e)(2)(B)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78. The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted). The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

When reviewing a complaint, I must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197). I am not required, however, to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted).

## IV.   ANALYSIS

Plaintiff brings his claim pursuant to 42 U.S.C. § 1983, alleging the defendants were deliberately indifferent to his "mental health, religious, and safety," and that their failure to reissue certain medication upon his return to the ODRC was cruel and unusual punishment in violation of the Eighth Amendment.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation and internal quotation marks omitted). The Eighth Amendment protects inmates by requiring that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care,

and . . . 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

Courts considering whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment must determine whether the plaintiff has established that a "sufficiently serious" deprivation has occurred. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citation and quotation marks omitted). Routine discomforts of prison life do not suffice. *Id.* at 9.

Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by "obduracy [or] wantonness," not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer*, 511 U.S. at 834.

Prisoners are not entitled to unfettered access to the medical treatment of their choice. *Hudson*, 503 U.S. at 9. In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats but does not provide a remedy for those conditions which cause the prisoner to feel merely uncomfortable or that cause aggravation or annoyance. *Id.* at 9-10 (requiring extreme or grave deprivation).

Upon review, I find that Plaintiff has failed to state a deliberate indifference claim against Weirich. The complaint contains no specific factual allegations against Weirich. A plaintiff cannot establish the liability of a defendant absent a clear showing that the defendant was personally

4

involved in the activities that form the basis of the alleged unconstitutional behavior. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Further, where individuals are merely named as defendants in a civil rights action without supporting allegations of specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978), for the proposition that "[m]erely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983."); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with "any degree of specificity which of the named defendants were personally involved in or responsible for" each alleged violation of federal rights). Because Plaintiff does not set forth any allegations specifically connecting Weirich to the purported unconstitutional conditions or misconduct he alleges, he fails to state a plausible civil rights claim against Weirich.

Plaintiff's factual allegations concerning Chambers-Smith are equally lacking. Regarding this defendant, the complaint merely states that Plaintiff sent Chambers-Smith three letters regarding his purported needs, and "once denied these necessities," he was "forced to go to maximum security level four placement." (Doc. No. 1 at 5). At best, these facts suggest Chambers-Smith had knowledge of Plaintiff's concerns. But Plaintiff does not make any specific allegations about Chambers-Smith's conduct, beyond the factual allegation that she was aware of Plaintiff's grievances. This is insufficient to state a plausible claim for relief.

Moreover, to the extent Plaintiff attempts to assert a supervisory liability claim, supervisors cannot be liable for a § 1983 claim "premised solely on a theory of respondeat superior, or the right to control employees." *Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (citation omitted). The Sixth Circuit has held that to be liable under § 1983, a supervisor must at least

5

implicitly authorize, approve, or knowingly acquiesce in the unconstitutional conduct of the offending officers. *Shehee*, 199 F.3d at 300. A failure to supervise, control, or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Id.* (quoting *Hays v. Jefferson Cnty., Ky.*, 668 F.3d 869, 874 (6th Cir. 1982)). Here, Plaintiff fails to make any factual allegations that would support even an inference that Chambers-Smith directed or participated in the alleged misconduct.

Even if Plaintiff had sufficiently alleged that Chambers-Smith played more than a passive role in Plaintiff's purported constitutional violation, Plaintiff has not pleaded sufficient facts to satisfy the subjective prong of a deliberate indifference claim. Plaintiff does not allege any facts suggesting Chambers-Smith knew of a substantial risk to Plaintiff's health but recklessly disregarded the risk by failing to take reasonable measures. *Broyles v. Corr. Med. Servs., Inc.*, 478 F. App'x 971, 975 (6th Cir. 2012) ("To satisfy the subjective component, the defendant must possess a 'sufficiently culpable state of mind,' rising above negligence or even gross negligence and being 'tantamount to intent to punish.'") (quoting *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994)).

Even if Chambers-Smith was aware of Plaintiff's grievances, the Sixth Circuit has held that prison officials whose only role involves the denial of administrative grievances and a failure to remedy the alleged wrongful behavior cannot be liable under § 1983. *Shehee*, 199 F.3d at 300. Plaintiff therefore fails to plausibly allege any facts that would satisfy the subjective prong of a deliberate indifference claim.

Accordingly, Plaintiff's Eighth Amendment deliberate indifference claim is dismissed.

## V.      CONCLUSION

For the reasons stated above, I dismiss this action in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge